IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

ROBLEX AVIATION INC

XXX-XX2880

Debtor(s)

CASE NO. 12-06341 BKT

Chapter 11

FILED & ENTERED ON 11/21/2012

OPINION AND ORDER

Before the court is Debtor's motion requesting reconsideration of the dismissal of the case and in response to First Bank Puerto Rico Inc's("First Bank") motion to dismiss (the "Reconsideration") (Dkt No. 25), and multiple supplements to the Reconsideration subsequently filed by Debtor (Dkts No. 29, 30 & 32).  Also before the court is First Bank's opposition to the Reconsideration and supplements (Dkt No. 31) and a motion for entry of order denying the Reconsideration, also filed by First Bank (Dkt No. 33).  For the reasons set forth below, the Reconsideration is denied, and the case remains dismissed. However, the court partially grants Debtor's first supplement to the Reconsideration (Dkt No. 29), limited to Debtor's reconsideration of the one year bar to re-file.  The court hereby reduces the bar to re-file to 180 days. Therefore, for its willful failure to abide by court orders, Debtor is hereby barred from filing any bankruptcy petition for a period of 180 days from the entry date of this order.

**I.    Background**

On August 10, 2012, Debtor filed its voluntary petition under the provisions of chapter 11 of the Bankruptcy Code (Dkt No. 1).  On August 14, 2012, Fist Bank filed a motion for dismissal of the case due to bad faith filings and requested a bar to re-file (the "Motion to Dismiss") (Dkt No. 3).  The court entered an order on August 15, 2012 (Dkt No. 4), allowing fourteen (14) days for the Debtor respond to the motion to dismiss, that is, until September 2, 20121. Said order forewarned Debtor that upon failing to timely answer the Motion to Dismiss, an order could be entered dismissing or converting the case without further notice or hearing (Dkt No. 4).

Upon Debtor's failure to timely file a response to the Motion to Dismiss, the court entered an order granting the dismissal on September 6, 2012 (Dkt No. 23).  Furthermore, for Debtor's willful failure to abide by court orders in this and the three (3) previous bankruptcy cases it had filed within the last eighteen (18) months, Debtor was barred from filing any bankruptcy petition for a period of one (1) year (Dkt No. 23).  Debtor seeks reconsideration of the court's order dismissing the case grounded on the purported availability of new evidence which was provided by Debtor to First Bank's officials and appraisers (Dkt No. 25). The particularities of this purported new evidence were not clearly established by Debtor.  However, an analysis of the statements and exhibits submitted with the Reconsideration leads the court to conclude that Debtor's proffer of "new evidence" consists of the following:

a) Pictures of an airplane floor being replaced.

b) Pictures of new airplane brakes bought by Debtor.

---

1 The fourteen (14) day response period ran until August 29, 2012.  However, taking into consideration the three (3) days added under Fed. R. Bank. P. 9006(f), the deadline expired on September 2, 2012.

c) Information on the overhaul of the engines of Debtor's airplane that was provided to the bank.

d) The contact information of the mechanic in charge of the overhaul provided to the bank.

e) A proffer that Debtor is not cannibalizing the airplane in question.

The evidentiary value of the Debtor's proffer and purported evidence is weak, in fact most of it is unsubstantiated.

In a supplement to the Reconsideration filed on September 28, 2012 (Dkt No. 29), Debtor blames his former attorney for the last two dismissals and seeks reconsideration of the dismissal in this case based on the deficient representation by the former attorney. The court is not convinced with Debtor's supplemental argument inasmuch as the current case was similarly dismissed upon Debtor's failure to abide by court orders notwithstanding counsel in this case is different from the previous cases. Debtor also argues that the one year bar to re file is an extreme penalty and requests reconsideration of said remedy.

In a second supplement to the Reconsideration filed on October 1, 2012 (Dkt No. 30), Debtor included a signed, sworn and stamped copy of Debtor's ethics complaint to the Supreme Court of Puerto Rico against its former attorney. Debtor also made reference to a cashier's check dated September 24, 2012, in the amount of $5,000.00,and included a copy of a second cashier's check dated October 1, 2012, in the amount of $5,000.00, both payable to First Bank as "an offer of goodwill in interest to resolve the issues with this creditor". (Dkt No. 30).

On October 13, 2012, First Bank filed its opposition as to Debtor's request for reconsideration and supplement (Dkt No. 31). First Bank mainly argued that the Reconsideration should be denied because: (1) Debtor never gave an explanation as to why it failed to comply with the court's order which resulted in the dismissal; (2) the Reconsideration fails to state the basis for the relief of the judgment or order. Of particular importance are First Bank's remarks that

notwithstanding attempts to contact the company that is supposed to overhaul the engines and attempts to contact Debtor's broker, it has still been unable to verify the whereabouts and status of the engines. To date, Debtor has not provided evidence to that effect.

On October 15, 2012, Debtor filed a third motion submitting supplementary evidence to the Reconsideration (Dkt No. 32) referencing a cashier's check dated October 12, 2012, copy of which was not included, in the amount of $5,000.00 payable to First Bank, as an offer of goodwill towards reaching a resolution with this creditor.

In turn, First Bank filed a motion for entry of order denying the Reconsideration on October 18, 2012 (Dkt No. 33), stating, in sum, that: (1) notwithstanding the multiple checks issued by Debtor as adequate protection payments, none have been delivered to First Bank; (2) no other effort to show a genuine desire for reorganization has been undertaken by Debtor; (3) despite Debtor having stressed the fact that it was on the brink of selling its assets to an interested buyer, and having estimated that the sale would be executed in a short period of time, the purported sale has not materialized; (4) Debtor has continued to benefit from the use of First Bank's cash collateral.

The court agrees with First Bank's assessment. Debtor has failed to establish any manifest error of law or fact or compelling newly discovered evidence which would merit this court's reconsideration of the order dismissing the case. Even taking into account the "new" evidence proffered by Debtor, it is in and of itself insufficient to reverse the dismissal order.

II. Discussion

In conformity with Federal Rule of Civil Procedure 59, a party seeking reconsideration "must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F. 3rd 1, 7 n. 2 (1st Cir. 2005) quoting Pomerleau v. W. Springfield Pub. Sch., 362

F. 3d 143, 146 n. 2 (1st Cir. 2004).  In _Marie_, the First Circuit also cited a leading treatise, noting four grounds for granting a motion for reconsideration under Federal Rules of Civil Procedure 59 (e).  The grounds are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law."  _Marie v. Allied Home Mortgage Corp._, 402 F 3rd at 7 (citing 11 C. Wright et al., _Federal Practice & Procedure_ § 2810.1 (2d ed. 1995)).

Reconsideration of a judgment under Rule 59 is an extraordinary remedy that is used sparingly and only when the need for justice outweighs the interests advanced by a final judgment.  It is directed at allowing a court to correct its own errors.  _White v.New Hampshire Dept. of Employment Security_, 455 U.S. 445, 450 (1982).  Moreover, it is well settled that Rule 59 (e) does not exist to give parties a second chance to prevail on the merits generally.  Rule 59 (e) is not to be used to reassert arguments and theories previously rejected by the court. The rule is that Rule 59(e) motions are to be "aimed at reconsideration, not initial consideration."  _Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony, N.A._, 897 F.2d 611, 616 (1st Cir. 1990)._See also_, _Nat'l Metal Finishing Co. v. Barcla ys American/Commercial, Inc._, 899 F. 2d 119, 123 (1st Cir. 1999) (Rule 59 (e) does not allow the losing party to rehash old arguments, previously considered and rejected).  Thus, parties should not use Rule 59(e) motions to raise arguments which could, and should, have been made before judgment issued.  _Id_. (quoting _Federal Deposit Ins. Corp. v. Meyer_, 781 F.2d 1260, 1268 (7th Cir.1986)).  "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence . . . [t]hey may not be used to argue a new legal theory."  _Id_.  Finally, "Rule 59(e) motions are generally denied because of the narrow purpose for which they are intended."  _In re Schwartz_, 409 B.R. 240, 250 (1st Cir. BAP 2008).

In its Reconsideration and supplements, Debtor rehashes most of the

arguments raised in its response to First Bank's motion to prohibit the use of cash collateral (Dkt No. 15) and argued during the hearing on the use of cash collateral held on August 29, 2012 (Dkt No. 18). During said hearing, the court entertained Debtor's and First Bank's allegations, which can be summarized as follows:

First Bank is an under secured creditor with collateral consisting of one commercial airplane and Debtor's accounts receivable. The airplane is currently not operating and without engines, and the engines are undergoing overhaul maintenance which will cost Debtor $300,000. The estimated value of the airplane, with the engines installed and operational, is between $300,000 and $400,000. First Bank's main concerns are that said airplane has lost its value since it is not flying and is not operational. Also, that it may be getting dismantled to serve as parts for the other similar airplanes owned and operated by Debtor. First Bank has requested to inspect the airplane and to be provided with information that the engines are in working condition. First Bank has not received any payments from Debtor in the past two years. All of the cases filed by Debtor in the preceding two (2) years were dismissed without Debtor ever filing a Disclosure Statement or Plan of Reorganization, or even celebrating a meeting of creditors under 11 U.S.C. §341.

At the hearing of August 29, 2012, the court determined that given the estimated value of the collateral, and taking into consideration the accounts receivable, the only way for Debtor to survive First Bank's motion for dismissal was establishing a real and imminent proposal for the sale of its assets and/or operations. If Debtor were able to surpass that threshold, then it would have to present evidence and witnesses to make a cash collateral usage argument. Otherwise the court would be inclined to dismiss the case.

Having considered the substance of Debtor's argument in support of the Reconsideration, this court concludes that, even with the evidence that could be

considered as "new" evidence to try to comply with the strict standards of Federal Rule of Civil Procedure 59(e), it is insufficient to alter the court's conclusion that the case should be dismissed. There has been no showing of a manifest injustice or error of law that outweighs the interests advanced by a final order. Also, Debtor has failed to demonstrate the reasons why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision. See In re Schwartz, 409 B.R. 240, 250 (1st Cir. BAP 2008) citing López Jiménez v. Pabón Rodríguez (In re Pabón Rodríguez), 233 B.R. 212, 219 (Bankr.D.P.R.1999), aff'd, 17 Fed.Appx. 5 (1st Cir.2001)."The moving party cannot use a Rule 59(e) motion to cure its procedural defects or to offer new evidence or raise arguments that could and should have been presented originally to the court."In re Schwartz, supra.

Finally, the court is unconvinced to reconsider its order dismissing the case because the circumstances that warranted the dismissal remain. Taking into consideration the evidence submitted by Debtor, the court concludes that:

First, the sale of Debtor's assets and business operations has not materialized even when the proposed sale was to take place before the end of the year. (Dkts No. 18 & 21-1). No evidence to the contrary has been provided by Debtor.

Second, the condition of the airplane that serves as First Bank's collateral, and which is essential to Debtor's license and sale, is still unascertainable. Also unascertainable is Debtor's ability to pay for the overhaul and transport of the engines needed for said airplane to be operational.

Third, Debtor has not been making adequate protection payments to First Bank. Meanwhile, Debtor has been benefiting from bankruptcy protection and the use of First Bank's cash collateral for the last two (2) years (and four (4) bankruptcy cases) without a real intent of reorganization.

Debtor has been unable to even propose a confirmable plan of reorganization in its last four (4) bankruptcy cases. Debtor has demonstrated a consistent pattern and inability to abide by court orders. As a result, Debtor has caused unreasonable delay frustrating creditor's rights. Thus, the court finds that Debtor's actions reflect a lack of good faith in the filing of this bankruptcy case. Dismissal was proper. Accordingly, the Reconsideration is denied.

III. Conclusion

Absent a showing of a clearly erroneous determination by this court, or a showing of a manifest injustice or error of law that warrants reconsideration, Debtor's request for reconsideration of the order dismissing the case is DENIED.

WHEREFORE, IT IS ORDERED that Debtors' motion requesting reconsideration shall be, and it hereby is, DENIED. The case remains dismissed. However, Debtor's request for reconsideration of the one year bar to re file is PARTIALLY GRANTED. The court hereby reduces bar to re file to 180 days under 11 U.S.C. §109(g)(1).

IT IS SO ORDERED.

San Juan, Puerto Rico this 21 day of November, 2012.

Brian K. Tester
U.S. Bankruptcy Judge