IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

ROBLEX AVIATION INC

CASE NO. 12-06341 BKT

Chapter 11

FILED & ENTERED ON 1/30/2013

Debtor(s)

OPINION AND ORDER

Before the court is Debtor's motion to inform of its intent to file a motion for reconsideration (Dkt No. 36) and Debtor's supplement to its request for reconsideration (Dkt No. 39)(collectively referred to as the "Reconsideration").  The Reconsideration seeks to overturn the opinion and order of September 6, 2012dismissing the instant case, and the opinion and order of November 21, 2012 denying reconsideration of the dismissal (Dkt No. 23 &35). Given that First Bank Puerto Rico, Inc. ("First Bank") has failed to address the Reconsideration, the court shall review the Reconsideration without the benefit of an opposition1.  Notwithstanding the lack of an opposition, and for the reasons set forth below, the Reconsideration is denied and the case remains dismissed.

---

1First Bank's motion to dismiss due to bad faith filings and request for bar to re-file (Dkt No. 3) lead to the Dismissal Order (Dkt No. 23).

**I.    Background**

On August 10, 2012, Debtor filed its voluntary petition under the provisions of chapter 11 of the Bankruptcy Code (Dkt No. 1). On August 14, 2012, First Bank filed a motion for dismissal of the case due to bad faith filings and requested a bar to re-file (the "Motion to Dismiss") (Dkt No. 3). Upon Debtor's failure to timely answer the Motion to Dismiss, an order dismissing the case was entered on September 6, 2012(the "Dismissal Order") (Dkt No. 23).Furthermore, for Debtor's willful failure to abide by court orders in this and the three (3) previous bankruptcy cases it had filed within the last eighteen (18) months, Debtor was barred from filing any bankruptcy petition for a period of one (1) year (Dkt No. 23).

On September 6, 2012, Debtor sought reconsideration of the Dismissal Order grounded on the purported availability of new evidence (Dkt No. 25).Subsequently, Debtor filed several motions to supplement its request for reconsideration (Dkts No. 29, 30, 32). In turn, First Bank opposed Debtor's request for reconsideration and supplements (Dkts No. 31& 33),mainly arguing that reconsideration should be denied because of the following: (1) Debtor never gave an explanation as to why it failed to comply with the court's order which resulted in the dismissal; (2) Debtor's request for reconsideration failed to state the basis for the relief of the judgment or order; (3) notwithstanding First Bank's attempts to contact the company that was supposed to overhaul the engines and attempts to contact Debtor's broker, First Bank was unable to verify the whereabouts and status of the engines and Debtor had not provided evidence to that effect;(4) notwithstanding the multiple checks issued by Debtor as adequate protection payments, none had been delivered to First Bank; (5) no genuine desire or attempt at reorganization had been undertaken by Debtor; (6) despite Debtor having stressed the fact that it was on the brink of selling its assets to an interested buyer, and having estimated that the sale would be executed in a short

period of time, the purported sale had not materialized; and (7)Debtor had continued to benefit from the use of First Bank's cash collateral.

On November 21, 2012, the Court entered an opinion and order denying reconsideration of the Dismissal Order (the "Order Denying Reconsideration") (Dkt No. 35).  The court found that the evidentiary value of the Debtor's proffer and purported new evidence was weak and mostly unsubstantiated. The court concluded that Debtor had failed to establish a manifest error of law or fact or compelling newly discovered evidence which would merit the reconsideration of the Dismissal Order.  Even taking into account the "new" evidence proffered by Debtor, the Court determined that it was in and of itself insufficient to reverse the Dismissal Order.  The court, however, reduced the bar to re-file to 180 days pursuant to 11 U.S.C. §109(g)(1).

On November 21, 2012, Debtor filed a motion to inform of its intent to file a reconsideration of the Order Denying Reconsideration stating that some of the factual conclusions reached by the court were based on First Bank's statements and not on evidentiary record or the case docket (Dkt No. 36).  Debtor also requested an evidentiary hearing to guard its due process (Dkt No. 36).  Debtor's request for evidentiary hearing was denied on November 26, 2012 (Dkt No. 38). However, Debtor was allowed to file a memorandum in support of its request for reconsideration (Dkt No. 38).  On November 28, 2012, Debtor filed its supplement to request for reconsideration asking the court to vacate the Dismissal Order (Dkt No. 39).  Debtor's second attempt at reconsideration of the Dismissal Order under Federal Rule of Civil Procedure 59is again based on purported manifest error of fact, new or previously unavailable evidence and manifest injustice. Particularly, Debtor asserts that the court has given credibility to First Bank's contention without affording Debtor an opportunity to present its evidence.  In addition, Debtor submits as new evidence an offer to purchase Debtor's hangar located at Aguadilla Airport for the sum of $720,000.00.  The proposed

transaction was supposed to take place on or before December 31, 2012.  Finally, Debtor affirms that it is not trying to rehash previous arguments, but rather trying to clarify the record to show that Debtor has acted in good faith.

In support of its allegations, Debtor submits to the court the following unchallenged facts:

1. Moving creditor, First Bank, has not filed a proof of claim, therefore, Debtor has been unable to ascertain the amount owed.

2. According to Debtor's records, First Bank is adequately protected.

3. Only one of the airplane's engines is being overhauled currently in Florida.

4. Debtor has accounted for every part of the airplane.

5. The airplane is non-functional because it is missing its right engine.

6. Debtor has been adding value to the airplane by replacing some parts in order to make the airplane fully functional after Debtor is able to pay for the overhaul of the right engine.

7. An adequate protection payment of $8,300.00 was made on August 31, 2012.

8. Debtor retained three subsequent cash collateral payments of $5,000 waiting for the court to reconsider the case or for First Bank to withdraw its motion to dismiss.

9. The reorganization plan envisions the sale of the company by the end of the year (presumably 2012).

10.    The hangar is scheduled to be sold by December 31, 2012, with a selling price of $720,000.00.

Debtor has also submitted a proffer of proof summarizing in a conclusory manner what would be Debtor's president's testimony.

II.   Discussion

In lieu of repeating the applicable legal standard in adjudicating a motion for reconsideration, the court refers the parties to the Order Denying Reconsideration (Dkt No. 35).

In this second attempt at reconsideration, Debtor again rehashes most of the arguments raised in its response to First Bank's motion to prohibit the use of cash collateral (Dkt No. 15), the arguments raised by Debtor during the hearing on the use of cash collateral held on August 29, 2012 (Dkt No. 18) and even the new evidence and arguments presented in Debtor's first request for reconsideration and supplements (Dkts No. 25, 29, 30 & 32).  Debtor's main arguments were considered and addressed by the court in the Order Denying Reconsideration, and can be summarized as follows:

1.   First Bank is an under secured creditor with collateral consisting of one commercial airplane and Debtor's accounts receivable.

2.   The airplane that serves as collateral to First Bank is currently not flying and is not operational.  The airplane has no engines because at least on of the engines is undergoing overhaul maintenance, which will cost Debtor around $300,000.

3.   Debtor's total debt with FirstBank, principal and interest, is between $800,000 to $900,000.

4.   The estimated value of the airplane, with the engines installed and operational, is between $300,000 and $400,000.

5.   Debtor's accounts receivable consist of around $250,000.

6.   Debtor proposes to bring back the engines and sell the company as a whole by the end of 2012.

7.   First Bank has not received payments from Debtor in the past two years.

8. All of the cases filed by Debtor in the preceding two (2) years were dismissed without Debtor ever filing a Disclosure Statement or Plan of Reorganization, or even celebrating a meeting of creditors under 11 U.S.C. §341.

At the hearing of August 29, 2012, the court determined that given the estimated value of the collateral, and taking into consideration the accounts receivable, the only way for Debtor to survive First Bank's motion for dismissal was establishing a real and imminent proposal for the sale of its assets and/or operations. If Debtor were able to surpass that threshold, then it would have to present evidence and witnesses to make a cash collateral usage argument. Otherwise the court would be inclined to dismiss the case. A hearing was scheduled for September 12, 2012.

Upon Debtor's failure to timely answer to the Motion to Dismiss, on September 6, 2012 the Dismissal Order was entered (Dkt No. 23).

In its first attempt at reconsideration and supplements, Debtor presented as new evidence the following: (i) some pictures to demonstrate the airplane floor being replaced and new airplane brakes bought by Debtor for airplane repair and operation; (ii) some information on the overhaul of the engines of Debtor's airplane and the mechanic in charge of the overhaul; (iii) Debtor made a proffer that it is not cannibalizing the airplane in question; and (iv)Debtor submitted a memorandum of understanding as to the proposed purchase of Debtor's corporation.

In the Order Denying Reconsideration the court found that its concerns that had been expressed at the hearing of August 29, 2012, as well as the circumstances that warranted the dismissal, were still present. The court particularly observed that:

First, the sale of Debtor's assets and business operations had not materialized even when the proposed sale was to take place before the end of the year. No evidence to the contrary was provided by Debtor.

Second, the condition of the airplane that serves as First Bank's collateral, and which is essential to Debtor's license and sale, was unascertainable. Also unascertainable was Debtor's ability to pay for the overhaul and transport of the engines needed for said airplane to be operational.

Third, Debtor was not making adequate protection payments to First Bank. Meanwhile, Debtor was benefiting from bankruptcy protection and the use of First Bank's cash collateral for the last two (2) years (and four (4) bankruptcy cases) without a real intent of reorganization.

Debtor was unable to even propose a confirmable plan of reorganization in its last four (4) bankruptcy cases. Debtor actions demonstrated a consistent pattern and inability to abide by court orders. As a result, Debtor caused unreasonable delay frustrating creditor's rights. Thus, the court found that Debtor's actions reflected a lack of good faith in the filing of this bankruptcy case. The court concluded that dismissal was proper and, thus, denied the Reconsideration.

In this second attempt at reconsideration, Debtor argues that in denying the first reconsideration the court gave credibility to First Bank's allegations without affording Debtor an opportunity to present its evidence. As can be ascertained from the Order Denying Reconsideration, the court based its determinations mostly upon Debtor's actions, or lack thereof. There was no need for the court to rely on First Bank's allegations because Debtor's actions, or inactions, spoke loud and clear. As of today, Debtor's circumstances are similar, if not identical, to the circumstances that warranted the dismissal:

Notwithstanding the two (2) offers to purchase Debtor's assets and ongoing business by the end of 2012, no binding commitment ever materialized, and no evidence to the contrary has been provided by Debtor. In its new Reconsideration, Debtor's proposed new evidence is a purported new offer to purchase Debtor's real estate. Particularly, Debtor submitted an offer to

purchase Debtor's hangar located at Aguadilla Airport for the sum of $720,000. The proposed transaction was supposed to take place on or before December 31, 2012. It appears that the proposed transaction never materialized. No evidence to the contrary was provided by Debtor. Even considering this "new evidence," which is inconsequential to date, it is insufficient to alter the court's conclusion that the case should be dismissed.

The condition of the airplane that serves as First Bank's collateral, and which is essential to Debtor's license and sale, is still unascertainable. Debtor's ability to pay for the overhaul and transport of the engines needed for said airplane to be operational also remains unascertainable. It seems that the airplane still is not operational. No evidence to the contrary was provided by Debtor.

As per Debtor's own statements, Debtor failed to make adequate protection payments, and still has not made adequate protection payments to First Bank in the event that the case remains dismissed (Dkt No. 39).

Debtor benefited from bankruptcy protection and the use of First Bank's cash collateral for the last two (2) years (and four (4) bankruptcy cases) without showing a real intent of reorganization. Debtor was unable to even propose a plan of reorganization in this case, or in any of the last four (4) bankruptcy cases. Debtor's actions demonstrate a pattern of inability to abide by court orders and reflect a lack of good faith.

Furthermore, Debtor has failed to establish a manifest error of law. There has been no showing of a manifest injustice or error of law that outweighs the interests advanced by a final order. Also, Debtor has failed to demonstrate the reasons why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision. SeeIn re Schwartz, 409 B.R. 240, 250 (1st Cir. BAP 2008) citing López Jiménez v. Pabón Rodríguez (In re Pabón Rodríguez), 233 B.R. 212, 219

(Bankr.D.P.R.1999), aff'd, 17 Fed.Appx. 5 (1st Cir.2001).

III. Conclusion

Absent a showing of a clearly erroneous determination by this court, or a showing of a manifest injustice or error of law that warrants reconsideration, Debtor's motion to inform of its intent to file reconsideration (Dkt No. 36) and Debtor's supplement to request for reconsideration (Dkt No. 39) are DENIED. The case remains dismissed.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 30 day of January, 2013.

Brian K. Tester
U.S. Bankruptcy Judge