## IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 12-06341 (BKT)** |
| | **Chapter 11** |
| **ROBLEX AVIATION, INC.** | |
| **Debtor(s)** | **FILED & ENTERED ON 12/19/2012** |

## OPINION AND ORDER

Before the Court is a motion to stay proceedings pending appeal filed by Debtor on February 12, 2013 (Dkt. No. 52). Debtor's primary basis for requesting the stay of proceedings pending appeal is that denial of the stay could result in irreparable harm to the Debtor as it will be forced to shut down operations. For the reasons stated herein, the motion to stay pending appeal is hereby DENIED.

### I.      Discussion

On February 5, 2013, Debtor filed a notice of appeal under 28 U.S.C. §158(a)(1) from the opinion and order entered by this court on January 30, 2013, denying Debtor's second motion for reconsideration of dismissal (Dkt No. 47). On February 12, 2013, Debtor filed a motion requesting an order for stay pending appeal (Dkt No. 52). Debtor seeks to stay the garnishment of its accounts receivables until the appeal is heard and decided by the District Court of Puerto Rico. The request for a stay pending appeal was filed by Debtor pursuant to Fed. R. Bankr. P. 8005, which provides in part as follows:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance.

> Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.
> Fed. R. Bankr. P. 8005.

The motion for a stay pending appeal follows the same standard as any motion for stay, which is in the nature of a preliminary injunction and will only be granted upon a showing that: (1) the petitioner is likely to prevail on the merits of its appeal; (2) that without a stay, the petitioner will suffer irreparable harm or injury; (3) that other interested parties will suffer no substantial harm; and (4) that the public interest will not be harmed by the granting of the stay.  10 Collier on Bankruptcy ¶ 8005.08 (16th ed.).  "The *sine qua non* of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity."  Esso Standard Oil Co. v. MonroigZayas, 445 F3d. 13 (1st Cir. 2006) citing New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002); Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996); Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993).  "[W]hat matters ... is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits."  Puerto Rico Hospital Supply, Inc. v. Boston Scientific Corp., 426 F.3d 503, 507 n.1 (1st Cir. 2005).  However, failure to establish irreparable injury if the stay is denied, is sufficient to deny the stay requested.  Id. ("Because PRHS cannot establish irreparable harm, the district court did not abuse its discretion in denying the injunction.")  "Irreparable injury in the preliminary injunction context means an injury that cannot adequately be compensated for either by a later-issued permanent injunction, after a full adjudication on the merits, or by a later-issued damages remedy."  Rio Grande Community Health Center, Inc. v. Rullan, 397 F.3d 56 (1st Cir.

2005).

Fed. R. Bankr. P. 8001(a) provides that "[a]n appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002." Fed. R. Bankr. P. 8001(a). In turn, Rule 8002 establishes a 14-day period to appeal a judgment, order, or decree of the bankruptcy court. Fed. R. Bankr. P. 8002(a). Likewise, Rule 8002 provides that a motion for reconsideration or to alter or amend the judgment under Rule 9023 will toll the appeal period if timely filed. Fed. R. Bankr. P. 8002(b)(2). Thereafter, the time for appeal runs from the entry of the order disposing of the last outstanding motion filed under Fed. R. Bankr. P. 8002(b), including the motion for reconsideration. Fed. R. Bankr. P. 8002(b). Pursuant to Rule 9023, a motion for reconsideration or to alter or amend a judgment shall be filed no later than 14 days after entry of judgment. Fed. R. Bankr. P. 9023.

Debtor's motion for stay pending appeal fails on the first requirement because success on the merits of the appeal is unlikely. Here, the order dismissing the case was entered on September 6, 2012 (Dkt No. 23). Accordingly, the appeal period on the order dismissing the case ran until September 20, 2012. The filing of a timely reconsideration by Debtor on September 6, 2012 (as supplemented by Debtor on September 28, 2012), had the effect of tolling the appeal period established under Fed. R. Bankr. P. 8002(a). (Dkts No. 25 & 29). Nevertheless, after several procedural incidents, the court entered the opinion and order denying Debtor's request for reconsideration on November 21, 2012 (Dkt No. 35). The appeal period on the opinion and order denying Debtor's request for reconsideration expired on December 5, 2012.

Now, Debtor seeks to appeal the opinion and order entered by this court on January 30, 2013 denying Debtor's second motion for reconsideration. However, the appeal period for the order

dismissing the case or for the opinion and order denying the reconsideration of the dismissal was not tolled by the filing of a second motion for reconsideration. The First Circuit Bankruptcy Appellate Panel has held that where there are successive post-judgment motions, only the first such motion tolls the time period for filing a notice of appeal with respect to the underlying judgment. In re Miramar Real Estate Management, Inc., No. 20 Bap No. PR 12-011 (1st Cir. BAP 2012); In re Vazquez, 471 B.R. 752, 758-759 (1st Cir. BAP 2012); Colomba v. Solomon (In re Colomba), 257 B.R. 368, 370 (1st Cir. BAP 2001) (quoting Aybar v. Crispin–Reyes, 118 F.3d 10 (1st Cir.1997)). Debtor's notice of appeal was not filed within 14 days after the entry of the judgment, and not even within the second appeal period which ran until 14 days after the entry of the opinion and order denying the reconsideration. Although a bankruptcy judge may extend the time for filing the notice of appeal, such request must be made before the time for filing a notice of appeal has expired. Fed. R. Bankr. P. 8002(c). Because the 14-day period to appeal the order dismissing the case has expired, and no timely request for extension of time to appeal was made, this court finds that Debtor has no likelihood of succeeding on the appeal procedurally. Furthermore, the court finds that having considered Debtor's arguments in three different rulings Debtor has no likelihood of succeeding on the merits of the appeal.

## II. Conclusion

The court has thoroughly reviewed the record in this case, as well as the arguments of counsel. Based upon the record, the court concludes that Debtor has not demonstrated a likelihood of success on the merits.

WHEREFORE, IT IS ORDERED that Debtor's motion for entry of order for stay pending appeal is hereby denied.

In San Juan, Puerto Rico this 19th day of February, 2013.

Brian K. Tester
U.S. Bankruptcy Judge